**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILLIAM DYKEMAN, | |
| Plaintiff, | Civil Action No. 20-6497 (RK) (TJB) |
| v. | **OPINION** |
| OCEAN COUNTY MONMOUTH CONSTRUCTION CORPORATION, | |
| Defendants. | |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendant Ocean County Monmouth Construction Corporation ("Defendant"). (ECF No. 15.) The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

### I.  BACKGROUND

  This case arises from a contract dispute between *pro se* Plaintiff William Dykeman ("Plaintiff") and Defendant. The allegations in Plaintiff's Complaint are extremely sparse. Plaintiff alleges that on September 11, 2002, Defendant "unilaterally breached a binding contract with [Plaintiff], trading as Atlantic Coast Commercial Interiors" and that Plaintiff was "denied fruits of the fulfilled contract." (Complaint, ECF No. 1 ("Compl.") at 3.) Plaintiff seeks the amount allegedly owed under the contract as well as expenses and court costs—approximately $100,000. (*Id.* at 3). Plaintiff provides no additional facts pertaining to the substance or scope of the contract with Defendant or Defendant's alleged breach of same. Rather, Plaintiff simply alleges that he

"has been in state court since 2003" and that the New Jersey Supreme Court denied his petition for certification on January 28, 2020. (*Id.*) He also claims that he has tried to file actions in federal court since the New Jersey Supreme Court denied his petition. (*Id.*) Plaintiff claims that the Court has federal question jurisdiction over this case based on the "contracts clause," and "14th Amend[ment] Equal Protection (Exhausted State Remedies)." (*Id.* at 2.)

Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 15 at 2.) Defendant explains that Plaintiff previously filed a suit in state court regarding this same contract and argues that this case must be dismissed based on the *Rooker-Feldman* and preclusion doctrines. Defendant also argues that Plaintiff's Complaint is devoid of factual detail and his allegations are conclusory at best. (*Id.*) Plaintiff filed a brief in opposition on July 17, 2023, (ECF No. 17),[1] and Defendants filed a reply brief on August 22, 2023. (ECF No. 21.)[2]

## II.   <u>LEGAL STANDARD</u>

### a.   **Federal Rule of Civil Procedure (12)(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint based on lack of subject matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because

---

[1] After Plaintiff's brief in opposition was docketed on July 17, 2023, a "reply brief in opposition" was also docketed on July 31, 2023. (ECF No. 19.) Plaintiff's July 31st brief is identical to the July 17th brief; it appears that Plaintiff submitted a second "darker hand traced copy" to aide the Court's review of Plaintiff's hand-written brief. (*Id.* at *44.)

[2] After Defendant filed a reply brief, Plaintiff, on September 27, 2023, filed a brief in opposition to Defendants' reply without requesting permission from the Court. (ECF No. 22.) Defendant objected to Plaintiff's brief in opposition to Defendant's reply as violative of Local Rule 7.1(d)(6). (ECF No. 23.) Under Local Rule 7.1(d)(6), no sur-replies are permitted without permission of the Judge to whom the case is assigned. Plaintiff failed to request permission from this Court, and therefore, the Court will not consider Plaintiff's brief in opposition to Defendants' reply brief.

that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). By contrast, in reviewing a factual attack, the court may weigh and consider evidence outside of the pleadings. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

### b.  Federal Rule of Civil Procedure (12)(b)(6)

Under Federal Rule of Civil Procedure (12)(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). "A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Iqbal*,

556 U.S. at 678 (citations and quotation marks omitted). It is well established that a *pro se* complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

## III.   DISCUSSION

Because jurisdiction is the threshold issue in this case, the Court will first consider the Court's subject matter jurisdiction over Plaintiff's claims.

### a.  Subject Matter Jurisdiction

Defendant argues that the Court lacks jurisdiction over this action for two reasons: (1) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; and (2) Plaintiff's Complaint fails to plead a basis for federal jurisdiction. Defendant's *Rooker-Feldman* challenge is a factual attack. *See, e.g.*, *Shawe v. Pincus*, 265 F. Supp. 3d 480, 484 (D. Del. 2017); *Nev. First Fed., LLC v. Macciocca*, 2015 WL 4461828, at *2 (E.D. Pa. July 21, 2015). Thus, the Court may weigh and consider evidence outside of the pleadings to determine whether the *Rooker-Feldman* doctrine bars Plaintiff's claims. Defendant's argument that Plaintiff's Complaint fails to plead a basis for the Court's subject matter jurisdiction is a facial challenge. *Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *1 (D.N.J. Feb. 23, 2022) (citing *Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008)). Thus, for Defendant's pleading deficiency challenge, the Court may only review the facts in Plaintiff's Complaint in the light most favorable to Plaintiff to determine whether Plaintiff has met his burden of establishing subject matter jurisdiction. The Court will consider each jurisdictional challenge in turn.

i. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine precludes federal courts from asserting jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A federal claim is barred by the *Rooker-Feldman* doctrine when the claim was either "actually litigated in a state court prior to the filing of the federal action" or "inextricably intertwined with the state adjudication . . . ." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). A federal claim is "inextricably intertwined" with an issue adjudicated by a state court when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *see also In re Knapper*, 407 F.3d at 580 (a federal claim is inextricably intertwined with a prior state court judgment when "federal relief can only be predicated upon a conviction that the state court was wrong.")

The Third Circuit has adopted four requirements that must be met for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

In its Motion to Dismiss, Defendant explains that Plaintiff filed a breach of contract case in the Superior Court of New Jersey, Law Division, Ocean County on February 21, 2003 against Defendant pertaining to the same contract at issue in this case. (ECF No. 15-5, Ex. 1 at 1.) After

5

the matter was dismissed with prejudice by the Superior Court, Plaintiff appealed. (ECF No. 15-5, Ex. 2 at 2.) In affirming the Superior Court's decision on appeal, the Appellate Division chronicled the "tortured history" of the state court matter, explaining the following. (*Id.*)

Plaintiff filed the state court action in 2003; after Plaintiff failed to appear for trial on August 2, 2004 and again on September 13, 2004, the Superior Court dismissed Plaintiff's Complaint and entered default judgment on Defendant's counter-claim. (*Id.*) Over two years later, Plaintiff filed a motion to reinstate which was granted on March 23, 2007. (*Id.*) Over the course of the next year, Plaintiff filed numerous discovery and dispositive motions, all of which were denied, including a summary judgment motion which was denied on December 5, 2008, as well as a motion for reconsideration and a motion for leave to appeal. (*Id.*) For reasons which the Appellate Division could not decipher, Plaintiff's state court matter resurfaced, and on May 14, 2015, Plaintiff filed another motion for summary judgment which was denied, as well as a subsequent motion for reconsideration. (*Id.*).

The Superior Court then set the matter for trial, at which point Plaintiff had become incarcerated. (*Id.* at 3.) The Superior Court advised Plaintiff that he must bear the costs of transportation from prison to court in accordance with N.J.A.C. 10A:3-9:13.[3] (*Id.*) Plaintiff wrote to the court, arguing that he "considered it inequitable as he knew a prisoner who was transported without paying the costs in advance, and that he should therefore not be required to do so." (*Id.*) After the Superior Court again advised Plaintiff of the requirements under N.J.A.C. 10A:3-9:13 and cautioned Plaintiff that the matter would not be adjourned again, Plaintiff failed to appear for trial, and his matter was dismissed with prejudice. (*Id.*) Thereafter, Plaintiff appealed and, after

---

[3] N.J.A.C. 10A:3-9:13 provides that the cost of transporting an inmate to court for a civil action shall be paid in advance by the inmate, the inmate's attorney or representative, and/or the person bringing the civil action against the inmate, except in civil actions relating to the inmate's confinement, Family Court matters, and cases in which the inmate is a defendant and the plaintiff is a governmental entity.

numerous extensions were granted and oral argument was heard on the case, on November 21, 2018, the Appellate Division affirmed the Superior Court's dismissal of Plaintiff's case with prejudice. (*Id.* at 6.)

On January 11, 2019, Plaintiff filed a petition for certification to the New Jersey Supreme Court, seeking review of the Appellate Division's decision. (ECF No. 15-5, Ex. 3 at 1.) On April 4, 2019, the Supreme Court denied Plaintiff's petition for certification. (*Id.* at 2.) After Plaintiff's petition was denied, on May 13, 2019, Plaintiff attempted to file an "Appeal as of Right" under Rule 2:2-1(a)(1) with the New Jersey Supreme Court, which was also denied. (*Id.* at 1.) Plaintiff filed a motion for reconsideration, which was denied by the New Jersey Supreme Court on January 14, 2020. (Compl. at 3a).[4]

Plaintiff now attempts to bring a federal claim arising from the same contract dispute against the same Defendant as was previously brought in state court. The Court finds that all four requirements of the *Rooker-Feldman* doctrine are present here. First, Plaintiff undoubtedly lost in state court. His case was dismissed by the Superior Court, his appeal was denied by the Appellate Division, and his petition for certification was denied by the Supreme Court. Second, the injuries Plaintiff complains of directly result from state-court judgments; namely, Plaintiff contends that he did not receive the relief to which he was entitled in state court. Third, final judgment was rendered in Plaintiff's state court action before he commenced this suit in federal court—the New Jersey Supreme Court denied Plaintiff's motion for reconsideration on January 14, 2020, and Plaintiff commenced this action thereafter on May 15, 2020. Fourth, Plaintiff is unquestionably inviting the Court to review and reject these state court judgments. Indeed, Plaintiff alleges

---

[4] Plaintiff submits, as part of the Complaint, the order from the New Jersey Supreme Court denying Plaintiff's motion for reconsideration of the Court's order denying the petition for certification and lists the page number as "3A."

essentially no facts in his Complaint and instead appears to be seeking review of the state court action. (*See* Compl. at 2 (indicating that his cause of action is that he "exhausted state remedies")); (*id.* at 3 (stating that he "has been in state court since 2003")); (*id.* (alleging that he "has tried to file in federal court since receiving denial of certification [from the New Jersey Supreme Court]").)

In his brief in opposition to Defendant's Motion to Dismiss, Plaintiff argues that the *Rooker-Feldman* doctrine should not apply because his federal claims were neither actually litigated in state court, nor are they inextricably intertwined with the state court adjudication. (ECF No. 17 at 5–7.) Plaintiff argues that, in this case, he is challenging the constitutionality of N.J.A.C. 10A:3-9.13, under which he was required to bear the costs of transportation from prison to court for his civil state court trial. (*Id.* at 6–7.) Plaintiff appears to argue that this provision violates the Contracts Clause as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (*Id.* at 10, 32.) Plaintiff contends that he raised these same issues before the Appellate Division. (*Id.* at 6–7.) However, according to Plaintiff, when the Appellate Division upheld dismissal of Plaintiff's case with prejudice based on his failure to appear, it did not address his "genuine legal arguments" nor did the Supreme Court when they denied his petition for certification. (*Id.* at 7, 13.)

Assuming *arguendo* that Plaintiff's constitutional challenges to N.J.A.C. 10A:3-9.13 were not actually litigated in state court, the Court finds that Plaintiff's federal claims are nonetheless inextricably intertwined with the state court judgment. The heart of Plaintiff's state court proceedings was the determination that Plaintiff's case was properly dismissed with prejudice based on Plaintiff's refusal to comply with the process under N.J.A.C. 10A:3-9.13 for him to appear for trial. It is apparent that what Plaintiff is seeking here is a federal judgment that would negate that result by finding that he should not have had to comply with N.J.A.C. 10A:3-9.13 and

reviving Plaintiff's contract claim against Defendant. The *Rooker-Feldman* doctrine prevents these very circumstances wherein a "disgruntled party in state court litigation . . . collaterally attack[s] the results of [state court] litigation in federal court, claiming constitutional or other error." *Siljee v. Atl. Stewardship Bank*, No. 15-1762, 2016 WL 2770806, at *4 (D.N.J. May 12, 2016). Because Plaintiff's claims fall under the scope of the *Rooker-Feldman* doctrine, the Court cannot exercise jurisdiction over this case, and the Complaint must be dismissed. Nonetheless in an abundance of caution, the Court turns to Defendant's second jurisdictional argument.

ii.  Complaint's Pleading Deficiency

Defendant alternatively argues that the Court lacks subject matter jurisdiction because the face of Plaintiff's Complaint fails to demonstrate that the requirements of subject matter jurisdiction are met. (ECF No. 15 at 14.) The Court agrees. The Supreme Court has advised that a suit may be dismissed for lack of jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (a claim does not present a federal issue where the "claim must be so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit so as not to involve a federal controversy").

The Court, which may only consider the face of Plaintiff's Complaint for this facial challenge, finds that the federal claims pled in Plaintiff's Complaint are without merit and made solely for the purpose of obtaining jurisdiction in federal court. Plaintiff's Complaint alleges that the basis for the Court's subject matter jurisdiction is federal question jurisdiction based on the

"contracts clause," and "14th Amend[ment] Equal Protection (Exhausted State Remedies)." (Compl. at 2.)

The Contracts Clause prevents a state from passing laws impairing the obligations of contracts. Const. Art. 1, § 10. In order to state a claim under the Contracts Clause, a plaintiff must allege a (1) contractual relationship; (2) that a change in a law has impaired that contractual relationship; and (3) that the impairment is substantial. *Transp. Workers Union of Am., Loc. 290 By & Through Fabio v. Se. Pennsylvania Transp. Auth.*, 145 F.3d 619, 621 (3d Cir. 1998). Plaintiff has only alleged one of the three requisite elements for this cause of action—that a contractual relationship existed between him and Defendant. This is plainly insufficient to state a claim under the Contracts Clause and does not provide a basis for the Court to exercise federal question jurisdiction.

"The Equal Protection Clause requires that all people similarly situated be treated alike." *Gilliam v. Holt*, 188 Fed. Appx. 79, 81 (3d Cir. 2006). To state a claim for an equal protection clause violation, a plaintiff must show that "(1) compared with others similarly situated he was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Cash v. Wetzel*, 8 F. Supp. 3d 644, 664 (E.D. Pa. 2014). Plaintiff's Fourteenth Amendment claim is wholly insubstantial and without merit: the Complaint contains no facts from which this Court could identify an equal protection violation. As stated above, the Complaint is almost entirely devoid of any facts whatsoever. Merely asserting that this case is brought under the Fourteenth Amendment

is insufficient to establish federal question jurisdiction.[5] Accordingly, the Court also finds that Plaintiff's Complaint fails to establish that subject matter jurisdiction is proper, and the Complaint must be dismissed for this additional reason.[6]

---

[5] Because the Court finds two bases to conclude it lacks subject matter jurisdiction over this dispute, the Court finds it unnecessary to address Defendant's additional arguments based on preclusion and failure to state a claim.

[6] The Court also notes, as Defendant argues in its reply brief, (ECF No. 21 at 4), that even if the Court were to find that it has subject matter jurisdiction over this case, any claim challenging Defendant's alleged breach of contract would nonetheless be barred by the statute of limitations. Plaintiff alleges that Defendant breached a contract between the parties on September 11, 2002. (Compl., at 3.) Breach of contract cases in New Jersey are governed by a six (6)-year statute of limitations. N.J.S.A. 2A:14-1. A breach of contract action accrues on the date of the alleged breach. *Thakar v. JFK Med. Ctr.*, No. A-1337-06T2, 2007 WL 1498816, at *2 (N.J. Super. Ct. App. Div. May 24, 2007). Thus, the statute of limitations on Plaintiff's breach of contract claim expired over fifteen (15) years ago on September 11, 2008.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiffs'

Complaint is hereby **DISMISSED** with prejudice. An appropriate Order accompanies this

Opinion.

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: November 28, 2023